IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MELISSA WORK**, | Case No. 3:25-cv-523-YY |
| Plaintiff, | **ORDER** |
| v. | |
| **JP MORGAN CHASE BANK**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

Plaintiff Melissa Work is a former employee of Defendant JP Morgan Chase Bank. Ms. Work brought an action in Oregon state court against Defendant, alleging sex discrimination in violation of Oregon Revised Statutes ("ORS") § 659A.030(1)(b), retaliation in violation of ORS § 659A.199(1), and discrimination by retaliation because she was the victim of sexual harassment and assault in violation of ORS § 659A.290(2)(b). Defendant removed the lawsuit to federal court under 28 U.S.C. §§ 1332 and 1441. Defendant then filed a Motion to Compel Arbitration and dismiss all federal court proceedings, or in the alternative, stay those proceedings pending completion of arbitration, citing a Binding Arbitration Agreement between the parties. Plaintiff responded that the Ending Forced Arbitration of Sexual Assault and Sexual Harassment

PAGE 1 – ORDER

Act of 2021 ("EFAA"), 9 U.S.C. § 402(a), exempts her claims from arbitration. Defendant replied that Plaintiffs dispute and claims arose and accrued before the effective date of that law, March 3, 2022. Thus, argues Defendant, Plaintiff's claims are not subject to EFAA.

Magistrate Judge Youlee You issued Findings and Recommendations in this case on September 24, 2025. Judge You recommended that this Court grant Defendant's Motion to Compel Arbitration and stay this case pending the completion of arbitration. No party filed timely objections.

Under the Federal Magistrates Act ("Act"), the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

If no party objects, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise").

Although review is not required in the absence of objections, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the court review the magistrate judge's findings and recommendations for "clear error on the face of the record."

PAGE 2 – ORDER

No party having made objections, the Court follows the recommendation of the Advisory Committee and reviews Judge You's Findings and Recommendation for clear error on the face of the record. No such error is apparent.

The Court therefore ADOPTS Judge You's Findings and Recommendation, ECF 24. The Court GRANTS Defendant's Motion to Compel Arbitration, ECF 11, and STAYS the proceedings in this action pending completion of arbitration. The parties are directed to file a status report promptly after the completion of arbitration.

**IT IS SO ORDERED.**

DATED this 21st day of October, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 3 – ORDER